The People, ex rel. Nieury, *vs.* The Justices of the Superior Court of the City of New-York.

Under the section of the revised statutes directing that where a defendant has appeared by putting in and perfecting bail, the plaintiff shall declare against him before the end of the next term, or that judgment of discontinuance *may* be entered according to the course and practice of the court, the whole matter is left to be determined by the discretion of the court, and according to its course and practice.

It was the intention of the legislature to vest in the court the power, in cases where the defendant is not in prison, to exercise its discretion in directing a judgment of discontinuance, or not. Courts, therefore, have the right to adopt the practice of enlarging the time, in such cases, for the plaintiff to declare, beyond the end of the next term after the return of the writ, upon proper cause shown therefor.

*Aliter,* where a defendant is committed to prison for want of bail.

The relator was arrested upon a capias issued out of the superior court of the city of New-York, in an action of trover, at the suit of Brian O'Hara. The writ was returnable on the first Monday of July, 1847. The defendant in the writ appeared by putting in and perfecting special bail. At the August term of the court the plaintiff in the writ, upon notice to the defendant, applied for and obtained a rule enlarging the time to declare, to the first of December. At the November special term of this court the relator obtained an alternative mandamus directing the superior court to enter *judgment of discontinuance* against the plaintiff, in the action, or shew cause at the next special term.

To this writ the justices of the superior court returned that it is the course and practice of that court, in such cases, to enlarge the time for the plaintiff to declare beyond the end of the next term after the return of the writ, upon proper cause shown therefor; and that the time for the plaintiff to declare had been extended in conformity with such practice. The relator now moved for a peremptory mandamus.

*A. D. Logan,* for the relator.

*Theodore Sedgwick,* for the defendants.

The People *v.* The Justices of the Superior Court.

HARRIS, J.   The revised statutes, (2 *R. S.* 350, § 23,) provide that when a defendant is committed to prison for want of bail, the plaintiff shall declare against him before the end of the next term after that at which the process upon which he was committed was returnable, or "the defendant shall be discharged from his imprisonment, and shall be entitled to judgment of discontinuance against the plaintiff." This provision is imperative—nothing is left to the discretion of the court—nothing depends upon the practice of the court. The legislature have said what shall be done in the case; and the court has nothing to do but carry into effect the direction of the legislature.

But while by the 24th section of the same act the plaintiff is required, in terms equally positive, to declare against a defendant, who has appeared by putting in and perfecting bail, before the end of the next term, there is this remarkable difference in the consequence of a failure to declare within the time provided. In the former case, the defendant *shall* be discharged and shall have judgment of discontinuance; but in the latter case, it is only provided that "*judgment of discontinuance* MAY *be entered according to the course and practice of the court.*" It would not be easy to present an example which would more clearly illustrate the distinction between a statute which *permits* a thing to be done, and one which *requires* a thing to be done.

In the former case, the statute is compulsory—in the latter the whole matter is left to be determined by the discretion of the court, and according to its course and practice. There can be no doubt that the legislature intended to vest in the court the power, in cases where the defendant is not in prison, to exercise the discretion which the superior court has in this instance assumed.

It becomes unnecessary therefore, to examine the question which was principally discussed upon the argument of this motion, whether this court has the power to award a mandamus in such a case. The motion must be denied with costs.